UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-00269-RJC

| | | |
|---|---|---|
| USA, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| MONSURA AJOKE OLADIPO, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon motion of the defendant requesting modification of her sentence. (Doc. No. 16).

The defendant seeks a reduction to time served or an order directing that the instant federal sentence be served concurrently with a related state sentence under USSG §5G1.3. (Id. at 3-4). The motion fails, however, to state any legal basis under 18 U.S.C. § 3582(b) for altering the oral pronouncement of the sentence, which became final after passage of the fourteen-day deadline to seek correction of arithmetical, technical, or other clear error under Fed. R. Crim. P. 35(a).[1] Counsel states there was information that she did not know at the time of sentencing that would have informed her argument, but she does not allege any circumstances that prevented discovery of such information prior to the date scheduled for the hearing. Therefore, the Court lacks jurisdiction to consider the defendant's request to modify her sentence. United States v. Shank, 395 F.3d 466, 470-471 (4th Cir. 2005).

---

[1] The Court sentenced the defendant on July 31, 2013, but the motion was not filed until August 20, 2013.

Even if the Court had jurisdiction to consider the merits of the defendant's motion, or if counsel had made such arguments at the sentencing hearing, the Court would not impose a different sentence. The defendant's advisory guideline range for visa fraud was determined by cross-reference to drug trafficking provisions. (Doc. No. 12: Presentence Report at 7-8). Although the defendant received a sentence in state court for trafficking cocaine, that sentence does not take into account the additional harm caused by a person who uses fraudulent immigration documents to facilitate such drug distribution. Therefore, considering the factors in 18 U.S.C. § 3553(a), the Court in its discretion found, and continues to find, that the six-month federal sentence should be served consecutively to the state sentence.[2] 18 U.S.C. § 3584(b).

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 16) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, the United States Attorney, and the United States Marshals Service.

Signed: October 10, 2013

Robert J. Conrad, Jr.
United States District Judge

---

[2] This sentence represented a significant variance from the advisory guideline range of 24-30 months. (Doc. No. 18: Statement of Reasons at 1, 3). The federal immigration offense on its own would have yielded a guideline range of 1-7 months if it had not been considered related to the state drug trafficking offense, as counsel argued. (Doc. No. 12: Presentence Report at 7-9, 19).